942 So.2d 953 (2006)
J.K., A Child, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D06-2303, 1D06-2382.
District Court of Appeal of Florida, First District.
November 22, 2006.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Diego Puig and Bryan Jordan, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
J.K., a child, appeals from the trial court's juvenile disposition order which departed from the recommendation of the Department of Juvenile Justice (Department or DJJ) that J.K. be placed on probation and adjudication withheld, by ordering him committed to moderate risk placement without probation. Because the court's reasons for departure failed to address why the restrictiveness level chosen was more appropriate for the needs of the child than that recommended by the Department, we reverse the disposition order *954 and remand the case for further proceedings.
Following appellant's pleas of guilty to the commission of certain delinquent acts, the Department prepared a predisposition report recommending that appellant be placed on probation and adjudication be withheld. In declining to follow the recommendation and in committing appellant to moderate placement with no probation, two levels above the DJJ's recommendation, the court gave the following reasons: (1) appellant's escalating criminal activity, i.e., appellant had twice violated the terms of his diversion by committing new delinquent acts, viz., possession of cocaine and marijuana, and resisting an officer without violence; (2) his failure to appear in court to answer one of the offenses for which he was arrested; and (3) his presence on the public streets early in the morning without adult supervision. Nothing in the court's order, however, explained why the needs of the child were better served by his placement in a moderate risk residential facility, rather than the probation recommended by the DJJ.
Although record support exists for each of the court's findings, the Department's staff nonetheless considered and evaluated the same information when it recommended probation as an appropriate sanction. This is not to say that the court lacks the discretion to depart from the DJJ's recommendations; however, "the Legislature did not grant the trial court the authority to reject the recommendation simply because it disagrees with the DJJ's assessment." C.C.B. v. State, 828 So.2d 429, 431 (Fla. 1st DCA 2002). In interpreting the provisions of section 985.23(3)(c), Florida Statutes (2005), allowing the court to order placement at a different restrictiveness level from that recommended, this court has made the following pertinent comments: "The trial court must not only state its reasons for disregarding the recommended restrictiveness level on the record, the reasons must also be supported by a preponderance of the evidence and must make reference to the characteristics of the restrictiveness level vis-a-vis the needs of the child," or that this behavior constituted a danger to society. C.C.B., 828 So.2d at 431; see also M.W. v. State, 923 So.2d 552 (Fla. 1st DCA 2006); C.J. v. State, 923 So.2d 553 (Fla. 1st DCA 2006); N.B. v. State, 911 So.2d 833, 835 (Fla. 1st DCA 2005) (observing that the trial court may reweigh the same factors considered by the Department and come to a different conclusion, but in doing so, the court must state its reasons in the context of the needs of the child); A.C.N. v. State, 727 So.2d 368, 370 (Fla. 1st DCA 1999).
REVERSED and REMANDED.
ERVIN, BARFIELD, and POLSTON, JJ., concur.